## Case No. 15,142.

### UNITED STATES v. FOSTER.

[2 Biss. 453;[1] 19 Int. Rev. Rec. 5.]

Circuit Court, E. D. Wisconsin. Feb. Term, 1871.

INTERNAL REVENUE—BREWER—FAILURE TO KEEP BOOKS—PENALTIES—HOW ENFORCED.

1. To an information against a brewer filed under the 48th, 49th, 51st and 53d sections of the act of July 13, 1866 [14 Stat. 164–166], it is not a sufficient answer that the neglect to keep the prescribed books and accounts was through ignorance or carelessness, and that there was no wrongful or criminal intent.

2. The object of the law is to protect the government in the collection of the tax. The penalty is for the omission, and the very nature of this business demanded that the brewer should know his duty in the premises.

3. Nor is it a sufficient answer or excuse that he misconstrued the law, and drew erroneous inferences as to his rights.

4. Where the law prescribes as punishment for an offense both a money penalty and imprisonment, it is not true that the penalty can only be enforced by indictment. The government can maintain an action of debt for the money penalty.

5. The words "shall be liable to," &c., are permissive, and not compulsory; they mark the extreme limit of the penalty, and leave it discretionary whether the whole penalty shall be imposed.

This was an information as in a declaration in debt under the 48th, 49th, 51st and 53d sections of the internal revenue act of July 13th, 1866 (14 Stat. 163). The declaration contained two counts. The first alleged that the defendant was the owner and superintendent of a brewery at a place named, within the district, and that he did not keep books showing the amount of beer which he had manufactured and sold, and showing the amount of materials which he had purchased, and claimed the penalty of three hundred dollars, prescribed in the last clause of the 51st section. The second count was that the defendant did not pay the taxes on the beer sold in fractional parts of a barrel, and that they were removed without stamps being affixed, and five instances were charged and a penalty of one hundred dollars claimed in each case, under the last clause of the 53d section. The jury found a verdict for the United States, for the penalty claimed. Motion for a new trial and in arrest of judgment, on the ground that the verdict of the jury could not be sustained under the evidence, and because, under the law, the judgment could not be rendered under the verdict.

Levi Hubbell, U. S. Dist. Atty.

Smith & Stark, for defendant.

DRUMMOND, Circuit Judge. There was an allegation in the first count showing that an offense had been committed under the first part of the 51st section, but the whole

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of the first count was in debt, and only claimed as a penalty the sum of three hundred dollars. The case did not show that the defendant had any wrongful or criminal intent in neglecting to keep the books as prescribed by the 49th section, but that he omitted to keep the books through carelessness or ignorance, and it is objected that in order to warrant the enforcement of the penalty against the defendant it is necessary that there should be some wrongful or criminal intent. This does not seem to be necessary in the law. The language of the law is, that a party shall forfeit and pay the sum of three hundred dollars if he neglects to keep the books, without any reference whatever to the motive which causes such neglect. It is for the act of omission. The object of the law is to protect the government in the collection of the proper tax from the brewer, and in order to accomplish this there devolves upon him the duty of entering, or causing to be entered, from day to day in a book to be kept by him for that purpose the account of fermented liquors, the description of packages and the number of barrels and fractional parts of barrels manufactured, and also the quantity sold or removed for consumption or sale, and an account of the materials purchased by him. It may be that a party would not be subject to the penalty for an unintentional error or mistake in making the entries, but the very object of the law was to compel the brewer to keep the books and to make the entries as heretofore stated, and it is no answer to the allegation that he has neglected or failed to do so, that he was ignorant of the requirements of the law. The very nature of his business demanded that he should know what his duty was in the premises, and the old and familiar principle so often cited must be considered applicable to this case, that he cannot be excused on account of his ignorance.

The allegation made in the first count of the declaration under the first part of the 51st section seems to be mere surplusage, as no penalty is claimed under that allegation and may therefore be rejected, the count not being framed to enforce the penal part of the law.

The proof under the second count shows that the defendant in several instances had not affixed to the fractional parts of the barrels the stamps as required by the 48th section. There was some evidence tending to show that the defendant was under the impression that he might divide the stamps, putting one part of the same stamp on one fractional part of a barrel, and another on a different fractional part of a barrel, contrary to the provisions of the law. The same rule is applicable here as in relation to the first count. The law is explicit on the subject and a defendant cannot protect himself under an erroneous inference which he drew as to his right to affix stamps, and it is not

necessary in this count any more than under the first that what the defendant did should have been done with a wrongful or criminal intent. It is enough that he failed or neglected to do what the law required.

It is insisted that the penalty referred to in the last clause of the 53d section, can only be imposed by indictment, and that it is not competent for the prosecution to institute an action of debt for a violation of this part of the law, where a person refuses or neglects to affix and cancel a stamp required by law. The language of the clause is "that a person who neglects or refuses to affix and cancel a stamp shall be liable to pay a penalty of one hundred dollars in each case where such omission occurs and shall be liable to imprisonment for not more than one year," and it is urged that because the party is subject to imprisonment the penalty can only be enforced by indictment. The general rule, where a money penalty is imposed for the doing or omission to do a particular act, is that an action of debt can be maintained, and the only question is, whether, when imprisonment is added to the money penalty, the government thereby loses the right to maintain the action of debt. In this case the government proceeded only for the money penalty named in the 53d section and has waived the other penalty of imprisonment. There may be a question whether, when the action of debt is brought, any indictment could afterwards be maintained. Without deciding that question, I am of the opinion that the action of debt well lies in this case. The language of the law, it will be seen, is peculiar: "shall be liable" to pay the penalty of one hundred dollars, and shall be liable to imprisonment. The language of the law is not imperative, but permissive, and in looking through the internal revenue laws upon the subject of penalties, it will be observed that the language varies in different cases. Sometimes the law speaks imperatively, as that the party guilty of the offense, or performing or not performing the act, shall suffer in a particular way by a penalty or by imprisonment. In other cases the law speaks in a permissive form, as that the party may be subject or liable to a particular penalty, and it would seem as though there was some object in this different phraseology of the law. For example, where the law made it compulsory on the court to impose the penalty, there the court could not vary from the demands of the law. But where the law only declared that the party might be liable to such a penalty named, and might be liable to imprisonment, there the language of the law does not seem to make it compulsory upon the court to include both. It would seem, in such case, to be a matter within the sound discretion of the court.

Motion for new trial and in arrest of judgment overruled.